*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HENRY JOSEPH BREWSTER, III,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2026
2:14 PM

No. 373439
Saginaw Circuit Court
LC No. 23-000046-FH

Before: M. J. KELLY, P.J., and PATEL and KOROBKIN, JJ.

PER CURIAM.

On leave granted,[1] defendant appeals the trial court's order that required him to register under the catchall provision of the Sex Offenders Registration Act (SORA), MCL 28.722(r)(*vii*).[2] We affirm.

Defendant was originally charged with two counts of accosting a child for immoral purposes, MCL 750.145a, after he gave two sex toys to the 14-year-old victim. He later pleaded no contest to aggravated assault, MCL 750.81a(1). Information about the sex toys and the age of the victim was included in defendant's presentence investigation report, and defendant has not objected to those details regarding his conduct. After considering the offense narrative from defendant's presentence investigation report, the trial court determined that the offense was sexual in nature. Therefore, it ordered defendant to register under SORA's catchall provision, MCL 28.722(r)(*vii*).

---

[1] *People v Brewster*, unpublished order of the Court of Appeals, entered January 14, 2025 (Docket No. 373439).

[2] We apply the version of SORA that was effective at the time of the offense. See *People v Milton*, 186 Mich App 574, 582; 465 NW2d 371 (1990). The language of the catchall provision remains the same, but the provision was renumbered as MCL 28.722(r)(*viii*). See 2024 PA 66.

On appeal, defendant argues that the trial court erred by imposing the SORA registration requirement because aggravated assault is a nonsexual offense. Because we conclude that the violation was sexual in nature, we affirm defendant's sentence.

We review de novo the interpretation and application of SORA, and we review the trial court's factual findings for clear error. *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *Id*. (cleaned up).

SORA requires those convicted of certain "listed offense[s]" to register as sex offenders. *Id*. A listed offense includes "a tier I, tier II, or tier III offense." MCL 28.722(i). Tier I offenses include violations of certain statutes and, under a catchall provision, also includes "[a]ny other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor." MCL 28.722(r)(*vii*). In other words, three conditions must exist to order registration under the catchall provision: "(1) the defendant must have been convicted of a state-law violation or a municipal-ordinance violation, (2) the violation must, by its nature, constitute a sexual offense, and (3) the victim of the violation must be under 18 years of age." *Anderson*, 284 Mich App at 14 (cleaned up). There is no dispute that defendant was convicted of a state-law violation and that the victim was under 18 years of age at the time of the conduct. Therefore, only the second condition is at issue in this appeal.

When determining whether a violation, by its nature, constitutes a sexual offense, a sentencing court should consider "the particular facts of the violation," not "solely by reference to the legal elements of the offense." *Id*. In doing so, it may consider all record evidence "as long as the defendant has the opportunity to challenge relevant factual assertions and any challenged facts are substantiated by a preponderance of the evidence." *Id*. at 14-15 (cleaned up). Considering that defendant pleaded no contest to giving sex toys to a 14-year-old, we cannot conclude that the trial court clearly erred by finding that defendant's violation was, by its nature, a sexual offense because the intended purpose of the gift was for sexual conduct. Our Supreme Court's holding in *People v Lymon*, 515 Mich 145, 190 n 24; 29 NW3d 58 (2024), has no impact on this conclusion because defendant's violation clearly had a "sexual component" and our Supreme Court in *Lymon* did not hold that SORA registration for convictions under the "catchall provision" of SORA were unconstitutional.

Affirmed.

/s/ Michael J. Kelly
/s/ Sima G. Patel
/s/ Daniel S. Korobkin

-2-